**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

MICHAEL J. KING,                    §
                                    §
        Plaintiff,                  §
                                    §
v.                                  §       NO. 7:08-cv-185-O
                                    §
MICHAEL J.  ASTRUE,                 §
Commissioner of Social Security,    §
                                    §
        Defendant.                  §


**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on November 6, 2008.

The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his

signature thereto, are as follows:

Procedural History:  On July 12, 2005, plaintiff Michael J. King (hereinafter "Plaintiff"

or "King") protectively filed applications for disability benefits and Supplemental Security

Income ("SSI"), claiming disability due to bipolar disorder, dyslexia, a learning disorder, a

cerebral injury, Hepatitis C, and back and neck pain.  (Administrative Record (hereinafter "Tr.")

at 11, 14, 73, 418).  Plaintiff alleged a disability onset date of April 15, 2004 (Tr. 11).  The

Administrative Law Judge ("ALJ") conducted a hearing on August 21, 2007, at which King

appeared with his counsel via video, and testified on his own behalf.  (Tr. 414-449).  The ALJ

also received the testimony of Christie Wilson, a vocational expert ("VE").  King's mother,

Evelyn King, was also present, but did not testify.  On August 11, 2008, the ALJ denied

Plaintiff's request for benefits, finding that Plaintiff was under a disability, but that a substance

use disorder was a contributing factor material to the determination of disability and Plaintiff

therefore was not disabled under the Social Security Act. (Tr. 11-12).

Plaintiff timely requested a review of the ALJ's decision by the Appeals Council and on

September 5, 2008, the Appeals Council denied his request. (Tr. at 4-7). Therefore, the ALJ's

decision became the Commissioner's final decision for purposes of judicial review. *See*

*Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).

Plaintiff filed his federal complaint on November 6, 2008. Defendant filed his answer on

January 13, 2009. On April 6, 2009, Plaintiff filed his brief, followed by Defendant's brief on

June 2, 2009.

Standard of Review - Social Security Claims:  When reviewing an ALJ's decision to

deny benefits, the scope of judicial review is limited to a determination of: (1) whether the ALJ's

decision is supported by substantial evidence in the record and (2) whether the proper legal

standards were applied in evaluating the evidence. *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th

Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). "Substantial

evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Villa*, 895 F.2d at 1021-22

(quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In determining whether

substantial evidence exists, the court reviews the entire record, but does not reweigh the

evidence, retry the issues, or substitute its own judgment. *Villa*, 895 F. 2d at 1022 (citations

omitted). Where the Commissioner's findings of fact are supported by substantial evidence, they

are conclusive. *Perez v. Barnhart*, 415 F.3d 461(5th Cir. 2005).

Discussion:     To prevail on a claim for disability insurance benefits, a claimant bears the

2

burden of establishing that he is disabled, defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505, 416.905(a). Substantial gainful activity is defined as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done (or intended) for pay or profit." 20 C.F.R. §§ 404.1510, 416.910.

The ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. Under the first four steps, a claimant has the burden of proving that his disability prevents him from performing his past relevant work, but under the fifth step, the burden shifts to the Commissioner to prove there is other substantial gainful activity that the claimant can perform. *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989). This burden may be satisfied either by reference to the Medical-Vocational Guidelines ("Grid Rules") of the regulations, *see* 20 C.F.R. Pt. 404, Subpt. P, App. 2, or by expert vocational testimony or other similar evidence. *See*, *e.g.*, *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). "A finding that a claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In the present case, the ALJ proceeded to Step 5. Her decision states that King was 43 years old at the time of the decision, he has at least a high school education, and he can communicate in English. (Tr. 18). At Step 1, the ALJ found Plaintiff was not engaged in substantial gainful activity. (Tr. at 14). At Step 2, she found Plaintiff suffered from the severe impairments of degenerative disc disease of the lumbar and cervical spine; Hepatitis C; and

3

bipolar disorder.  (Tr. 14).  She also found Plaintiff to have a substance use disorder.  *Id.*  At Step 3, she found Plaintiff's combination of impairments, including the substance use disorder,  met sections 12.04 and 12.09 of 20 C.F.R. 404, Subpart P, Appendix 1.  (Tr. 15), and that if Plaintiff ceased substance use, he would continue to have severe impairments.  However, absent his substance addiction, the ALJ found that King had no impairment or combination of impairments that meets or medically equals any of the impairments in sections 12.04 and 12.09 of 20 C.F.R. 404, Subpart P, Appendix 1.  (Tr. 16).  Specifically, the ALJ found that Plaintiff, if he ceased substance use, would retain the residual functional capacity (RFC) to perform light work, limited to simple to detailed work with occasional climbing, balancing, kneeling, stooping, crawling and crouching, with no complex job instructions, and no public contact or customer service positions. (Tr. 17).  At Step 4, she found Plaintiff would be unable to return to his past relevant work as a machine tender or groundskeeper, due to both of those positions requiring medium exertional work, while the Plaintiff's RFC limited him to light exertional work.  (Tr. 18).  At Step 5 the ALJ found, based on the testimony of the VE, that there were significant numbers of jobs existing in the national economy that Plaintiff could perform, citing "conveyor line bakery worker", "bench assembler", and "polisher" as representative occupations within his capabilities. (Tr. 18-19).  The ALJ therefore concluded that King was not under a disability and denied his claim for benefits.

Plaintiff argues there is not substantial evidence to support the ALJ's finding that Plaintiff continued to use drugs and or alcohol during the relevant period of April 15, 2004 (Plaintiff's alleged onset date) through August 11, 2008 (the date of the ALJ's decision). Additionally, Plaintiff argues there is less than substantial evidence to support the ALJ's finding

that continued use of drugs and / or alcohol was "material" to Plaintiff's disability- i.e., whether Plaintiff would have been disabled even without such substance use.  Defendant argues that substantial evidence supports the ALJ's determination that King was not disabled.

The medical evidence in the record, as well as Plaintiff's testimony at the August 21, 2007 hearing, provide ample support for the ALJ's finding that Plaintiff suffers from a substance use disorder.  On July 11, 2005, Plaintiff told Dr. Ashokkumar Vachhani, M.D. at the Helen Farabee Regional Mental Health and Mental Retardation Center that he had mood swings and was irritable, and that his drinking "may have something to do with his mood."  (Tr. 108).  Dr. Vachhani noted King's last reported use of alcohol was two days prior, and last use of marijuana was a week prior to his appointment.  (Tr. 108).  He diagnosed King with Bipolar I Disorder, alcohol abuse, and cannabis abuse, and on review of King's laboratory results, noted that King's elevated liver enzymes may be due to his alcohol abuse.  (Tr. 110).

On October 25, 2005, during a physical examination of King, Dr. Aftab Ahmad, M.D. noted that King denied any current use of drugs or alcohol.  (Tr. 112-113).  On December 1, 2005, Dr. Naseer Ahmed, M.D. observed that King still drank alcohol, although King claimed he now drank less.  (Tr. 135).  On December 8, 2005 and December 22, 2005, Dr. Ahmad included "polysubstance abuse" in King's current diagnoses and advised King to avoid drinking alcohol. (Tr. 131-134).

On April 26, 2006, Psychologist Johnny K. Worley, Ph.D. performed a psychological consultative evaluation of King, during which King denied current drug or alcohol abuse and stated that he used to self-medicate with alcohol, marijuana, methamphetamine, and cocaine. (Tr. 160).  He stated he has "been free from alcohol use for at least three years".  (Tr. 163).  Dr.

Worley diagnosed King with bipolar disorder and polysubstance abuse, concluding that his prognosis would be good with improved motivation and vocational training.  (Tr. 163).

King continued his treatment at Helen Farabee.  On July 3, 2006, Ms. Lena Cummings noted King's statement that he had not used alcohol in seven months and had not used drugs in two years.  (Tr. 220).  On October 25, 2006, Mr. Kirk Findly noted that King stated he was not sure how long it had been since he used drugs or alcohol, "maybe a couple of years".  (Tr. 229).  He also noted that King appeared defensive and guarded and did not want to share much about his illness.  (Tr. 229).  On April 17, 2007, Ms. Gay Arrington noted that King was a poor historian whose information might not be reliable.  (Tr. 237).

At the hearing conducted by the ALJ on August 21, 2007, King reported drinking alcohol at least "once or twice a week".  (Tr. 433).  When asked how much he drank each time, he stated "Well, that varies.  Some weeks it could be two 40-ounce bottles and one week it could be just one."  (Tr. 433).  When asked if he ever drank more than that, he responded "[e]very now and then."  (Tr. 433).  Given Plaintiff's less than unequivocal description of his current drinking habits compiled with his inconsistent reporting of alcohol abuse and use of illegal drugs, it was well within the prerogative of the ALJ in weighing the evidence to find that King was suffering from a substance use disorder.

When an ALJ determines that a Plaintiff is disabled but there is medical evidence in the record of alcoholism or drug addiction, the ALJ must determine whether substance abuse is a "contributing factor material to the determination of disability."  42 U.S.C. § 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535(a); 416.935(a).  In making this determination, an ALJ must evaluate the extent to which a claimant's mental and physical limitations would remain without the presence

of substance abuse.  If the remaining limitations would not be disabling, the substance use disorder would constitute a contributing factor to the determination of disability and support a finding that the individual is not disabled.  20 C.F.R.  §§ 404.1535(b)(2)(i); 416.935(b)(2)(i).  If the Plaintiff would be disabled even if he stopped using drugs or alcohol, then drug addiction or alcoholism would not be considered a "contributing factor material to the determination of disability".  §§ 404.1535(b)(1); 416.935(b)(1).  Plaintiff bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his disability.  *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999).  While "Plaintiff contends that he met his burden of proof by adducing the medical evidence of record from his treating sources and his testimony", (Pl. Br. 11-12), there is substantial evidence in the record to support the ALJ's finding that his substance use disorder was a material factor in determining his disability claim.

Plaintiff next argues that there is less than substantial evidence to support the ALJ's finding that continued use of drugs and / or alcohol was "material" to Plaintiff's disability- i.e., whether Plaintiff would have been disabled absent such substance use.  Plaintiff develops his argument with citations to cases where the ALJ's discussion of substance abuse was entwined with their analyses of other severe impairments.[1]  Those cases are distinguishable from the present case.  Here, the ALJ reached a determination as to Plaintiff's severe impairments and the

---

[1]In *Oettinger v. Barnhart*, 2002 WL 31422308 (W.D.Tex. 2002), the court found an ALJ failed to properly make a disability determination of a claimant's claim for benefits based on Attention Deficit Hyperactivity Disorder (ADHD) where the ALJ focused on allegations of alcoholism and drug addiction unsubstantiated by the medical evidence of record and failed to first make a determination on the claimed impairments absent the substance abuse.

In *Cravin v. Astrue*, 2008 WL 2923867 (N.D.Tex. 2008), the court found the ALJ did not determine which of Cravin's mental impairments might have remained had he stopped his substance abuse, or whether those impairments would have rendered him disabled in the absence of substance abuse.

effect those impairments would have on Plaintiff's RFC, finding that absent substance abuse, Plaintiff's severe impairments are not disabling.  (Tr. 16-18 at Parts 5 and 6).

The ALJ found that, absent the substance abuse, Plaintiff would have the severe impairments of degenerative disc disease of the lumbar and cervical spine, Hepatitis C, and bipolar disorder.  (Tr. 14).  She found Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible to the extent that they are inconsistent with her RFC assessment.  (Tr. 18).  The ALJ noted in her decision that Plaintiff's bipolar disorder has been described as being controlled with medication with sufficient success to where it has been described  "in remission", and that Plaintiff's Hepatitis C has been successfully treated, with no medical record to indicate continued significant problems stemming from the Hepatitis. (Tr. 18).  She assigned significant weight to consultative examiner Dr. Worley's opinion that Plaintiff "essentially has no significant physical or psychological impairment that would keep him from working, and that he needs to be referred for further vocational training." (Tr. 18).  The ALJ's decision is supported by substantial evidence in the record.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the District Court enter its order AFFIRMING the decision of the Commissioner and judgment DISMISSING this action with prejudice.  A copy of this recommendation shall be transmitted to counsel for the parties.

Signed this 31st day of August, 2009.

*Wm. F. Sanderson Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.